UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA CORDA,<br>  Plaintiff<br><br>v.<br><br>SUFFOLK COUNTY DISTRICT<br>ATTORNEY'S OFFICE,<br>  Defendant | Civil Action No.: 1:15-CV-10628-RWZ |

### PROTECTIVE ORDER

The parties have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1.  Scope. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order concerning confidential information as set forth below. The scope of this protective order includes protection from disclosure of the information and content of the documents to which this order applies. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  Form and Timing of Designation. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of

this Order.

3. <u>Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER</u>. Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER.

4. <u>Depositions</u>. Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until the court acts upon party's objection filed pursuant to the terms of this Order.

5. <u>Protection of Confidential Material</u>.

   a. <u>General Protections</u>. Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

   b. <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 1-6. Subject

to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

    1. <u>Counsel</u>. Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

    2. <u>Parties</u>. Parties and employees of a party to this Order.

    3. <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for depositions;

    4. <u>Contractors</u>. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

    5. <u>Consultants and Experts</u>. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    6. <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

    c.    <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents and the information contained in the documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of two years from the date of signing.

    d.    <u>Copies</u>. Prior to production to another party, all copies, electronic images,

duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6. <u>Filing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents With the Court</u>.

   a. <u>Filing Party's Confidential Documents</u>. In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with LR 7.2.

   b. <u>Non-Filing Party's Confidential Documents</u>. In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket. If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with the court. The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal indicating that the non-filing party seeks to maintain the confidentiality of the redacted material. The party seeking to maintain

the confidential status shall file a motion to seal in accordance with Local Rule 7.2 within five (5) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

7.   <u>No Greater Protection of Specific Documents</u>. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless withholding of information is required by federal or state statutes or regulations designed to protect the privacy of individuals, including public employees, or the party withholding the documents moves for an order providing such special protection.

8.   <u>Challenges by a Party to Designation as Confidential</u>. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non- party (hereafter "party"). The following procedure shall apply to any such challenge.

   a.   <u>Objection to Confidentiality</u>. At any time after the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement, or order of the Court.

   b.   <u>Obligation to Meet and Confer</u>. The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

   c.   <u>Obligation to File Motion</u>. If the parties cannot reach agreement as to any

documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made.

9. <u>Court Not Bound By Parties' Designation</u>. Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

10. <u>Use of Confidential Documents or Information at Hearing or Trial</u>. A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11. <u>Obligations on Conclusion of Litigation</u>.

    a. <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

    b. <u>Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents</u>. Within thirty days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6.d., unless: (1) the document has been offered into evidence or filed without

restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order.

        c.     <u>Deletion of Documents Filed under Seal from ECF System</u>. Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

    12.    <u>Order Subject to Modification</u>. This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

    13.    <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

    14.    <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered,

Dated: _____          _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA CORDA,<br>    Plaintiff<br><br>v.<br><br>SUFFOLK COUNTY DISTRICT<br>ATTORNEY'S OFFICE,<br>    Defendant | Civil Action No.: 1:15-CV-10628-RWZ |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court or for other relief under the protective order agreement.

_____
Signature

_____
Name (printed)

_____
Date