UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTINA CORDA, | ) | |
|     Plaintiff | ) | |
| | ) | Civil Action No.: 1:15-CV-10628-RWZ |
| v. | ) | |
| | ) | |
| SUFFOLK COUNTY DISTRICT | ) | |
| ATTORNEY'S OFFICE, | ) | |
|     Defendant | ) | |

## THE DEFENDANT'S, SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY THE PLAINTIFF

NOW COMES, the Defendant, Suffolk County District Attorney's Office, and Moves to Compel the Plaintiff to produce documents that have been withheld as "not relevant" to the action. As will be discussed more fully below, the documents requested—text messages between the Plaintiff and several individuals between September 19-22, 2014—are plainly relevant and not subject to any privilege. At the very least, the Defendant's document requests are reasonably calculated to lead to the discovery of admissible evidence. It is therefore improper for the Plaintiff to withhold these documents as "not relevant."

## I.   FACTS

The Plaintiff, Christina Corda ("Plaintiff"), brings this lawsuit against the Suffolk County District Attorney's Office ("DA's Office") relating to her employment and termination from the DA's Office, seeking redress under the state and federal Equal Pay Act, gender discrimination, and retaliation statutes. According to Plaintiff, on September 19, 2014, she attended a going-away party for a colleague, she confronted the DA's Office's Chief of Staff, John Towle and told him that "she did not make enough money. She said that the reason R.A. and she weren't making the money they

should is because she is a woman and he is black." *See* Complaint ¶ 15. On September 22, 2014, Plaintiff was terminated by the DA's Office.

On June 25, 2015, Plaintiff served on the DA's Office Responses to Rule 34 Requests for Production of Documents. As part of her document production, Plaintiff produced excerpts from text messages with several individuals. The excerpts appeared incomplete, so on August 5, 2015, the DA's Office served a Second Set of Requests for Production of Documents on Plaintiff. The Requests included the following:

> Request No. 22—Please produce copies of any and all written correspondence, including emails, texts, and Facebook messages, from September 19, 2014 through September 22, 2014 exchanged between you and any other individual with whom you discussed any allegations contained in the Complaint.

> Requests No. 23-30 sought complete copies of all written correspondence with individuals where Plaintiff had previously produced incomplete copies of text messages with those individuals from September 19, 2014 through September 22, 2014 (with the exception of one individual, for whom communications were requested from September 19, 2014 to January 1, 2015).

On September 4, 2015, Plaintiff served responses to the Requests for Production of Documents. See attached hereto as "Exhibit A" Plaintiff's Responses to Defendant's Requests for Production of Documents dated September 4, 2015. For each request, Plaintiff responded as follows: "RESPONSE: [Plaintiff] objects to this request to the extent that it requests communications that are not relevant to any party's claim or defense. Subject to this objection, [Plaintiff] states that any responsive communications that are in her possession, custody, or control, and that are relevant to any party's claim or defense, have been or will be produced." *See* Exhibit A. Plaintiff produced some additional documents, but did not provide complete copies of text messages from September 19-22, 2014 as requested.

## II.    LOCAL RULE 7.1(a)(2) COMPLIANCE

On September 10, 2015, counsel for Plaintiff and the DA's Office conferred in good faith by email in attempt to narrow the scope of the disagreement. *See* Local Rule 7.1(a)(2) Certification of Aaron R. White, attached hereto as "Exhibit B." Counsel were unable to reach an agreement to narrow the scope of the disagreement.

## III.    ARGUMENT

Under Fed. R. Civ. P. 26(b) and 34, the DA's Office is entitled to receive responses for all discovery on Plaintiff that is reasonably calculated to lead to the discovery of admissible evidence. The standard set forth under Rule 26(b)(1) is that the information sought must "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 34(a) provides that a request may seek the discovery of any documents that is permitted within the scope of Rule 26. Courts will accord liberal and broad treatment to discovery rules. *See, e.g., E.E.O.C. v. Electro-Term, Inc.*, 167 F.R.D. 344, 346 (D. Mass. 1991).

For purposes of discovery, relevance has a far broader meaning than that under the evidentiary rules for trial. Relevance "must be broadly construed at the discovery stage" to ensure the production of any documents that "might be relevant to the subject matter of the action." *Id.* "Relevance encompasses more than admissibility at trial. For purposes of Rule 26, relevant information includes any matter that is or may become an issue in the litigation." *Muti-Core. Inc. v. Southern Water Treatment Co.*, 139 F.R.D. 262, 262 n.2 (D. Mass. 1991).

Here, Requests No. 22 through 30 were reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff must produce the requested documents in her possession, custody, or control. Plaintiff alleges that on September 19, 2014, she was attending a going-away party for a colleague when she confronted Towle relating to allegations that she and another assistant district attorney were underpaid. At the time, she was at a going-away party for a

colleague. The DA's Office's Rule 34 requests seeking written communications exchanged on September 19, 2014 are reasonably calculated to lead to the discovery of admissible evidence, as they could reflect where Plaintiff was, who she was with, what she had consumed prior to the incident, her plans for both before and after the going-away party, and communications regarding the incident itself. Communications during September 20-21, 2014 could likewise lead to the discovery of admissible evidence because they may contain admissions by Plaintiff relating to her conduct or statements by others at the time of the incident. Finally, text messages on September 22, 2014 may depict the substance of her termination and any statements made by Plaintiff at the time relating to her termination. Plaintiff cannot claim the documents sought are protected by privilege, so "the only showing that the party seeking discovery must make is that the documents sought are relevant in accordance with Fed. R. Civ. P. 26(b)(1)." *Sham v. Hyannis Heritage House Hotel, Inc.* 118 F.R.D. 24, 27 n. 7 (D. Mass. 1987). As the DA's Office has made the threshold showing under Fed. R. Civ. P. 26(b), Plaintiff must produce the requested documents in her possession, custody, or control in accordance with Rule 34.

Plaintiff cannot claim that the documents sought impose an undue burden on her or are a fishing expedition. She has previously produced a significant number of incomplete and self-serving excerpts from text messages with individuals, so she certainly has access to additional text messages that would be responsive to the discovery requests. The DA's Office is not seeking to engage in an unnecessary discovery, but rather has narrowly tailored the request to learn more about Plaintiff's state of mind and her communications between September 19-22, 2014. All of the events related to the retaliation claim arise during this four-day period.

Plaintiff's argument that by asserting a blanket relevancy objection, she is under no obligation to produce documents is illusory. The objective of open discovery would be severely undermined if counsel could determine what documents in his or her client's possession, custody, or

control are relevant or not and then withhold those documents from other parties. Plaintiff has already produced a litany of self-serving and incomplete excerpts from text messages with others. It would certainly be no more of a burden to provide the DA's Office with complete copies of the correspondence within a reasonable time frame. The DA's Office is entitled to conduct any discovery that is reasonably calculated to lead to the discovery of admissible evidence without any obstruction by Plaintiff's counsel due to challenges of relevancy. For reference, at the request of the court, the defendant will provide in camera review, the incomplete communications that the plaintiff did produce with the individuals identified in Requests Nos. 23-30.

## IV.    CONCLUSION

For the foregoing reasons, the Defendant, Suffolk County District Attorney's Office, requests that this Court allow its Motion to Compel and Order the Plaintiff, Christina Corda, to produce all responsive documents to Requests 22-30 in her possession, custody, or control within two weeks of this Court's order.

THE DEFENDANT,
SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,
BY ITS ATTORNEYS,

DATE: 9/22/15

/s/ Aaron R. White
Anthony M. Campo, BBO#552093
acampo@BSCtrialattorneys.com
Aaron R. White, BBO# 650918
awhite@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111
(617) 451-2000
Fax: (617) 451-5775

## CERTIFICATE OF SERVICE

I hereby certify that on September 22 2015, I filed the foregoing document filed through the ECF system which will send notice electronically to the registered participants as indentified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/    *Aaron R. White*