# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 15-10628-RWZ

CHRISTINA CORDA,                    )
  Plaintiff                        )
                                   )
v.                                 )
                                   )
SUFFOLK COUNTY DISTRICT            )
ATTORNEY'S OFFICE,                 )
  Defendant                        )

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Defendant Suffolk County District Attorney's Office seeks to compel plaintiff Christina Corda to disclose *irrelevant* text messages, even though it has no legal right to that information. Ms. Corda made a diligent search of her phone and produced the text messages related to her claims or the defendant's defenses (amounting to well over 100 pages of print outs), but the DA's Office now asks this Court to order the production of any other text messages, regardless of relevance, whether they have to do with personal issues, dinner plans, television shows, sports events, unrelated gossip, or the like.

As the party seeking production of further discovery, the DA's Office has the burden of establishing that relevant documents have been withheld. *Cutter v. HealthMarkets, Inc.*, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) ("party seeking discovery information 'over an adversary's objection has the burden of showing [the information's] relevance.'") (citation omitted; brackets in original). It has failed to do so, relying instead on speculative arguments that irrelevant texts *might* lead to the discovery of admissible evidence.

The defendant's motion is rooted in a fundamental misunderstanding about the scope of permissible discovery. As made clear by its motion, the defendant conflates (1) the provision

that discovery be limited to relevant information with (2) the provision that admissibility is not a basis for withholding information. (Motion, pp.1, 5) ("At the very least, the Defendant's document requests are reasonably calculated to lead to the discovery of admissible evidence. It is therefore improper for the Plaintiff to withhold these documents as 'not relevant.'"… "The DA's Office is entitled to conduct any discovery that is reasonably calculated to lead to the discovery of admissible evidence without any obstruction by Plaintiff's counsel due to challenges of relevancy.").

It is basic that relevance is a necessary requirement for discovery, as established by the plain language of Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). It is equally clear that *once the relevance requirement is met*, a party cannot withhold relevant information on the grounds that it is inadmissible, as demonstrated by the very next sentence in Rule 26: "Information *within this scope of discovery* [i.e., relevant to any party's claim or defense] need not be admissible in evidence to be discoverable." *Id*. (emphasis added). In short, discoverable information need not be admissible, but it must be relevant. [1]

---

[1] The DA's Office also errs by relying on case law from 1991 and earlier (Motion, pp.3-4), which pre-dates numerous amendments to Rule 26, including amendments in 2000 and 2015 that narrowed the scope of permissible discovery. For example, the DA's Office cites to *Multi-Core, Inc. v. Southern Water Treatment Co.*, 139 F.R.D. 262, 262 n.2 (D.Mass. 1991), to argue that "relevant information includes any matter that is or may become an issue in the litigation." (Motion, p.3). But the 2000 amendments to Rule 26 narrowed the scope of relevance to focus not on any subject matter of the litigation, but on any party's claim or defense. *See* Fed. R. Civ. P. 26, *Committee Notes on Rules – 2000 Amendment* (describing change).

The DA's Office complains that the relevance limitation is "illusory," because it permits opposing counsel to determine what documents are relevant. (Motion, pp.4-5). There are both practical and legal flaws with this complaint. On a practical level, what is the alternative, to require the production of all documents, relevant or not, so the requesting party can sift through everything and make its own determination of relevance? And on a legal level, while the DA's Office may not like that discovery is limited to relevant information, that is what Rule 26 provides.

The DA's Office further complains that Ms. Corda produced "incomplete and self-serving excerpts from text messages," and then concludes that "she certainly has access to additional text messages that would be responsive to the discovery requests." (Motion, p.4). The voluminous text messages Ms. Corda produced were "incomplete" only because she limited her production to text messages that were relevant to her claims or the defendant's defenses. To the extent she had messages with friends or acquaintances about unrelated matters, she is under no obligation to produce those private and irrelevant communications.

For these reasons, Ms. Corda respectfully requests that the Court deny the defendant's motion to compel.

<div style="margin-left:40%">

CHRISTINA CORDA
By her attorney,

/s/ Stephen Churchill
Stephen Churchill, BBO # 564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
steve@fairworklaw.com

</div>

Dated: September 23, 2015

**<u>CERTIFICATE OF SERVICE</u>**

     I certify that I served, by the ECF system, a copy of the foregoing document on all counsel of record.

Dated:  September 23, 2015          <u>/s/ Stephen Churchill</u>

                                                  Stephen Churchill