UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA CORDA,<br>    Plaintiff<br><br>v.<br><br>SUFFOLK COUNTY DISTRICT<br>ATTORNEY'S OFFICE,<br>    Defendant | Civil Action No.: 1:15-CV-10628-RWZ |

**OPPOSITION OF THE DEFENDANT, SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, TO THE PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME**

NOW COMES the Defendant, Suffolk County District Attorney's Office (hereinafter "DA's Office") and submits its opposition to the Plaintiff's Emergency Motion for Extension of Time to Comply with the Court's Order compelling the Plaintiff's supplemental document production on or before October 23, 2015. The DA's Office states the following in support of its opposition:

(1) The Court issued an order on October 9, 2015 granting the DA's Office's Motion to Compel the Plaintiff's supplemental document production after considering the motion and the opposition filed by the plaintiff.

(2) In the Plaintiff's opposition to the Motion to Compel, the Plaintiff took the position that the information sought in the DA's Office's Rule 34 requests were irrelevant and that "[the Plaintiff] limited her production to text messages that were relevant to her claims and the defendant's defenses."

(3) Based on the Plaintiff's argument in her opposition, the Plaintiff, and her counsel, possessed additional text messages that were responsive to the DA's Office's document requests, but elected to withhold these text messages due to relevancy objections.

1

(4) The Plaintiff, and her counsel, now seek additional time to review the Plaintiff's text messages, which must have first occurred prior to the Plaintiff, and her counsel's determinations that such text messages were "irrelevant."

(5) After the Court issued its Order granting the DA's Office's Motion to Compel, counsel for the DA's Office requested that the Plaintiff's attorney acknowledge when his client would produce the text messages that have been compelled. The Plaintiff's attorney indicated that his client would comply with the Court Order.

(6) The production of the text messages which were, based on the Plaintiff's representations to the court, withheld because they were irrelevant, should be a basic administrative activity, as the Plaintiff has represented that they were reviewed and designated as irrelevant prior to the Court's Order allowing the Motion to Compel.

(7) To the extent that the Plaintiff, and her counsel, did not possess and review the responsive documents prior to responding to the DA's Office's Rule 34 discovery requests, and opposing the Motion to Compel, the DA's Office is troubled by the appearance that the Plaintiff, and her counsel, may have misled the defendant and its counsel and the Court.

(8) As trial lawyers, the DA's Office, and its counsel, certainly appreciate the constraints placed on parties and their attorneys during trial. In most instances, accommodations for continuances would be agreed to. However, in light of the position taken by the Plaintiff in responding to the DA's Office's Rule 34 requests, the opposition filed by the Plaintiff with the Court, and now the request to review materials that the Plaintiff already affirmed were withheld due to relevancy, the DA's Office must oppose the Plaintiff's Emergency Motion due to an absence of good cause for any extension.

WHEREFORE, the defendant respectfully requests that this court deny the plaintiff's emergency motion, and order that the plaintiff produce all communications, including text

2

messages, responsive to the defendant's two sets of Rule 34 requests, on or before the close of business on October 23, 2015.

THE DEFENDANT,
SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,
BY ITS ATTORNEYS,

DATE: 10/22/2015  */s/ Aaron R. White*
Anthony M. Campo, BBO#552093
acampo@BSCtrialattorneys.com
Aaron R. White, BBO# 650918
awhite@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111
(617) 451-2000
Fax: (617) 451-5775

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2015, I filed the foregoing document filed through the ECF system which will send notice electronically to the registered participants as indentified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/      *Aaron R. White*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTINA CORDA, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 15-10628-RWZ |
| v. ) | |
| ) | |
| SUFFOLK COUNTY DISTRICT ) | |
| ATTORNEY'S OFFICE, ) | |
| Defendant. ) | |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), I, as counsel for the Defendant, Suffolk County District Attorney's Office, hereby certify that on October 22, 2015, I conferred with counsel for the Plaintiff by telephone in a good faith attempt to resolve or narrow the issues leading to this Motion. Counsel were unable to resolve or narrow the issues.

/s/ *Aaron R. White*
Aaron R. White, BBO# 650918
awhite@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111
(617) 451-2000
Fax: (617) 451-5775

Dated: October 22, 2015