UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA CORDA,<br>Plaintiff,<br><br>v.<br><br>SUFFOLK COUNTY DISTRICT<br>ATTORNEY'S OFFICE,<br>Defendant. | CIVIL ACTION NO. 1:15-c-10628-RWZ |

**DEFENDANT'S MOTION IN LIMINE NO. 2 TO PRECLUDE THE PLAINTIFF FROM INTRODUCING EVIDENCE REGARDING ALLEGED RACE DISCRMINATION**

The Defendant, Suffolk County District Attorney's Office ("DA's Office"), Moves in Limine to Preclude the Plaintiff, Christina Corda ("Plaintiff"), from introducing evidence, examining witnesses, and making commentary regarding alleged race discrimination in the DA's Office. Plaintiff alleges that she was discriminated against by being paid less than male comparators and that the DA's Office retaliated against her when it terminated her on September 22, 2014. There has been no evidence of race discrimination or racial bias in the DA's Office, and the DA's Office vigorously disputed any such assertions. As will be discussed more fully below, there is no evidentiary foundation or basis for an allegation of race discrimination and permitting Plaintiff to introduce evidence of race discrimination in her gender discrimination case is unfairly prejudicial to the DA's Office, and it risks inflaming the jury and confusing the jury on the issues.

**I.   FACTS**

Plaintiff brings this action under the state and federal Equal Pay Acts and under G.L. c. 151B for alleged gender discrimination and retaliation.[1] According to Plaintiff, she was paid less money than similarly situated males and that the reasons offered by the DA's Office are pretext,

---

[1] Plaintiff's claims under Title VII have been dismissed. The Defendant's Motion for Summary Judgment on the Federal Equal Pay Act claim is pending with the Court.

1

which allows for an inference of gender discrimination. The DA's Office asserts that Plaintiff was paid fairly and commensurate with her experience, background, assignment within the DA's Office, and her work performance and that she was paid identically to her sole male comparator. The DA's Office alleges that the sole true male comparator to Plaintiff is Rilwan Adeduntan, an African-American assistant district attorney who was hired at the same time as Plaintiff, was promoted to Superior Court at the same time as Plaintiff, and who worked in the Major Felony and Gang Units at the same time as Plaintiff. Plaintiff and Attorney Adeduntan were similarly ranked by the Gang Unit chiefs at the end of 2013, and they received identical raises for Fiscal Year 2014, with their annual salary being set at $53,550.00. In response, Plaintiff claims that there was a general perception that the DA's Office paid women unfairly in the office, and she references several hearsay statements of alleged disparate treatment between male and female assistant district attorneys. There is no evidence that the DA's Office demonstrated overt gender bias, such as stereotyping on the basis of gender or animus towards women. Likewise, there is no evidence that the DA's Office permitted a sexually-offensive office culture to exist through inappropriate jokes or harassment.

Plaintiff was terminated on September 22, 2014 as a result of an altercation that occurred between her and the DA's Office's Chief of Staff, John Towle, at a bar on September 19, 2014. The altercation occurred at The Fours at approximately 9:30 p.m. during a going-away party for a departing assistant district attorney. According to Plaintiff, she told Chief of Staff Towle that she and a colleague were paid less than others because she is a woman and he is black.

**II.    ARGUMENT**

Plaintiff must be precluded from referencing alleged race discrimination in the DA's Office because there is no evidentiary foundation or basis for such an allegation, a complete lack of

2

relevancy, and even if there is some relevancy, the risk of unfair prejudice to the DA's Office substantially outweighs any probative value.[2]  At issue in this case is whether Plaintiff was subject to disparate treatment due to her gender in the form of a lower salary and whether Plaintiff's termination was retaliatory for engaging in alleged protected conduct.  There has been no discovery regarding the existence of race discrimination at the DA's Office, and there is no admissible evidence to support such an allegation.

The Court must rule any reference to race discrimination as inadmissible as a preliminary matter because there is no foundational evidence to support race discrimination.  "At a bare minimum, the requisite foundation demands something more than intuitive judgments emanating from broad generalities." *Gomez v. Rivera-Rodriguez*, 344 F.3d 103, 117 (1st Cir. 2003).  Here, no evidence has been adduced to establish race discrimination or racial bias at the DA's Office. *See generally* Fed. R. Evid. 602 (testimony must be based upon personal knowledge).  The focus of discovery in this case has been regarding Plaintiff's claims of unequal pay and alleged discrimination.  Any efforts to introduce evidence relating to race discrimination lack any foundational basis and must therefore be rendered inadmissible as a matter of law.

Evidence of alleged race discrimination is likewise not probative to the matters at issue in this trial.  Fed. R. Evid. 401 states that evidence is rendered relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence."  The DA's Office vehemently denies that there is any race discrimination in its office, but even if there is evidence that race discrimination and/or racial bias exists in the DA's Office, it does not make it more probable that the DA's Office discriminated against Plaintiff due to her being a woman, paid her unequally, or retaliated against her.  The two issues are unrelated and separable, and therefore, any evidence,

---

[2] The DA's Office is not moving to exclude Plaintiff's commentary on September 19, 2014 that a colleague's salary was affected by race discrimination, but rather seeks the exclusion of evidence that race discrimination exists at the DA's Office or any arguments raised relating to alleged race discrimination.

testimony, inquiries by counsel, or statements regarding any discrimination should be excluded because it has no probative value in this case.

Ultimately, any reference to race discrimination must be precluded because such an allegation would unfairly prejudice the DA's Office and risk inflaming the jury. Where evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury," then the Court must exclude such evidence. Fed R. Evid. 403. By permitting Plaintiff to introduce purported evidence that race discrimination exists in the DA's Office, this would place the DA's Office in the proverbial Hobson's Choice of either refuting such allegations, which would focus the jury on an unrelated matter to Plaintiff's claims or alternatively to ignore it, which would leave the jury with the impression that it does exist. In either scenario, the DA's Office will be unfairly prejudiced by a collateral issue. Moreover, race discrimination is a very sensitive topic to reasonable-minded people, and it can operate to inflame the passions of an otherwise fair jury. The admission of purported evidence of race discrimination and/or racial bias, without any evidentiary support, could inflame the jury to believe that the DA's Office is a bad actor and should be punished. It would thus operate to deprive the DA's Office of a fair trial as to Plaintiff's allegations of gender discrimination, unequal pay, and retaliation. For those reasons, Plaintiff must be precluded from introducing evidence of alleged race discrimination.

### III. CONCLUSION

For the foregoing reasons, the Defendant, Suffolk County District Attorney's Office, requests that this Court ALLOW its Motion in Limine to Preclude the Plaintiff from Introducing Evidence Regarding Alleged Race Discrimination.

THE DEFENDANT,
SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE
BY ITS ATTORNEYS,

DATE: 5/6/2016

/s/ Aaron R. White
Anthony M. Campo, BBO#552093
tcampo@BSCtrialattorneys.com
Aaron R. White, BBO# 650918
awhite@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111
(617) 451-2000
Fax: (617) 451-5775

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2016, I filed the foregoing document filed through the ECF system which will send notice electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/    Aaron R. White

5