UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA CORDA,<br>Plaintiff,<br><br>v.<br><br>SUFFOLK COUNTY DISTRICT<br>ATTORNEY'S OFFICE,<br>Defendant. | CIVIL ACTION NO. 1:15-c-10628-RWZ |

**DEFENDANT'S MOTION IN LIMINE NO. 4 TO PRECLUDE THE PLAINTIFF
FROM INTRODUCING EVIDENCE REGARDING
MEDIA COVERAGE RELATING TO THE MAYORAL RACE**

The Defendant, Suffolk County District Attorney's Office ("DA's Office"), Moves in Limine to Preclude the Plaintiff, Christina Corda ("Plaintiff"), from introducing evidence regarding the 2013 City of Boston mayoral race and any media coverage relating to the mayoral race.[1] The mayoral race and its attendant media coverage is irrelevant to any material issue in this trial, and the media coverage should itself be excluded as inadmissible hearsay. For these reasons, the Court should preclude any witness statements, inquiries by counsel, or arguments by counsel relating to the 2013 City of Boston mayoral race and any media coverage relating to the mayoral race.

Plaintiff brings this action under the state and federal Equal Pay Acts and under G.L. c. 151B for alleged gender discrimination and retaliation.[2] According to Plaintiff, she was paid less money than similarly situated males and that the reasons offered by the DA's Office are pretext, which allows for an inference of gender discrimination. The DA's Office asserts that Plaintiff was

---

[1] The DA's Office is not seeking exclusion of evidence relating to campaigning for the District Attorney during the course of the campaign, but rather specific references to the mayoral race or media coverage.
[2] Plaintiff's claims under Title VII have been dismissed. The Defendant's Motion for Summary Judgment on the Federal Equal Pay Act claim is pending with the Court.

1

paid fairly and commensurate with her experience, background, assignment within the DA's Office, and her work performance and that she was paid identically to her sole male comparator.

Plaintiff has testified that she felt a female assistant district attorney was given a promotion and a raise due to her hosting a fundraising event for the District Attorney during his mayoral campaign in 2013. Plaintiff, who herself assisted with the campaign, contends that the raise and promotion occurred shortly after this fundraising event. In March 2014, Plaintiff complained to the First Assistant District Attorney, Patrick Haggan, about this assistant district attorney's salary compared to her. At the time, Plaintiff earned $500.00 more than her colleague. There has been testimony that the female assistant district attorney's salary was a topic of discussion among employees of the DA's Office.

The District Attorney ran for mayor of the City of Boston in 2013, and he finished fourth in a preliminary election that occurred on September 24, 2013. During the course of his deposition, the District Attorney was examined about a *Boston Globe* article dated August 8, 2013 relating to a public appearance the District Attorney made during his mayoral campaign. The article contained alleged statements made by the District Attorney where the District Attorney allegedly lost his temper and made statements regarding his displeasure with an attack on his integrity.

The 2013 City of Boston mayoral race is irrelevant to any issues relating to this lawsuit. It is not probative of any issues pertaining to salary or relating to Plaintiff's termination. As set forth in Footnote 1, the DA's Office does not object to evidence that Plaintiff or others in the office worked on a campaign for the District Attorney. However, any statement by witnesses, inquiries by counsel, or arguments by counsel relating to the 2013 mayoral race or the results of the mayoral race is not probative of any material issue in dispute. Further, the District Attorney is not a party to

the lawsuit and any evidence or statements regarding his conduct during the mayoral race is unduly prejudicial and lacking of any probative value.

In addition to being irrelevant, any media coverage relating to the mayoral race should be precluded because it is inadmissible hearsay. Media articles written by journalists are out-of-court statements that do not fall within any exception to hearsay under the Federal Rules of Evidence. Moreover, to the extent that Plaintiff argues that statements by the District Attorney are admissible under Fed. R. Evid. 801(d)(2), Rule 805 precludes the admission of "[h]earsay within hearsay" unless "each part of the combined statements conforms with an exception to the rule." For these reasons, the media coverage is inadmissible.

The Defendant, Suffolk County District Attorney's Office, requests that this Court ALLOW its Motion in Limine to Preclude the Plaintiff from introducing evidence, testimony, inquiries from counsel, or statements regarding the 2013 City of Boston mayoral race or media coverage relating to the mayoral race.

THE DEFENDANT,
SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE
BY ITS ATTORNEYS,

DATE: 5/6/2016

/s/ Aaron R. White
Anthony M. Campo, BBO#552093
tcampo@BSCtrialattorneys.com
Aaron R. White, BBO# 650918
awhite@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111
(617) 451-2000
Fax: (617) 451-5775

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2016, I filed the foregoing document filed through the ECF system which will send notice electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/     *Aaron R. White*