UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTINA CORDA,
     Plaintiff,

v.

SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,
     Defendant.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 1:15-c-10628-RWZ

**DEFENDANT'S MOTION IN LIMINE NO. 6 TO PRECLUDE THE INTRODUCTION OF
THE DEFENDANT'S POSITION STATEMENT FILED WITH
THE MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION**

The Defendant, Suffolk County District Attorney's Office ("DA's Office"), Moves in Limine to Preclude the introduction of the DA's Office's Position Statement that it filed with the Massachusetts Commission Against Discrimination ("MCAD"). The Position Statement was prepared by the DA's Office's counsel in response to the Plaintiff's, Christina Corda ("Plaintiff"), Charge of Discrimination. As required under MCAD regulations, an authorized representative of the DA's Office (here, the District Attorney) signed the Position Statement prepared by counsel. *See* 804 C.M.R. § 1.10(8)(e). Plaintiff has examined several members of the executive staff about statements that were made in the Position Statement. The DA's Office contends that the Position Statement should be treated as akin to pleadings prepared by an attorney that are not admissible as evidence at trial under Massachusetts law. *See* G.L. c. 231, § 87. For those reasons, Plaintiff should be precluded from introducing as evidence the DA's Office's Position Statement with the MCAD at the time of trial or from examining witnesses regarding its contents.

## I.    FACTS

Plaintiff brings this action under the state and federal Equal Pay Acts and under G.L. c. 151B for alleged gender discrimination and retaliation.[1]   According to Plaintiff, she was paid less money than similarly situated males and that the reasons offered by the DA's Office are pretext, which allows for an inference of gender discrimination.  The DA's Office asserts that Plaintiff was paid fairly and commensurate with her experience, background, assignment within the DA's Office, and her work performance and that she was paid identically to her sole male comparator.  Plaintiff's retaliation arises from her termination, which occurred on September 22, 2014 as a result of an altercation that occurred between her and the DA's Office's Chief of Staff, John Towle, at a bar on September 19, 2014.

On October 27, 2014, Plaintiff filed a Charge of Discrimination with the MCAD.   On November 18, 2014, the MCAD provided notice to the DA's Office of the Charge of Discrimination and instructions to prepare a "formal written answer to the complaint, called a Position Statement," within 21 days.  The MCAD requires that "[t]he Position Statement must be signed under the pains and penalties of perjury."  *Id.*  On January 15, 2015,counsel for the DA's Office filed with the MCAD a Position Statement that was signed by the District Attorney, Daniel Conley.   The Position Statement, written by counsel, contained a statement of facts and legal analysis of the gender discrimination and retaliation claims brought under G.L. c. 151B.  On the final page, the Position Statement notes "PREPARED BY ITS ATTORNEYS."

## II.    ARGUMENT

Plaintiff should not be permitted to introduce as evidence or examine witnesses regarding a document prepared by the DA's Office's attorneys in response to a Charge of Discrimination.

---

[1] Plaintiff's claims under Title VII have been dismissed.  The Defendant's Motion for Summary Judgment on the Federal Equal Pay Act claim is pending with the Court.

Massachusetts law recognizes the inherent unfairness of being able to introduce pleadings as evidence at the time of trial, and its reasoning should be applied to this case. G.L. c. 231, § 87 provides, in full: "In any civil action pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them." The MCAD regulations also treat a respondent's position statement as a "pleading." *See* 804 C.M.R. § 1.09(5)(d) (requiring an attorney of a party to sign any "pleading"); 804 C.M.R. § 1.10(8)(e)(c) (requiring attorney to adhere to § 1.09(5)(d)).

The Position Statement was prepared at the time based upon the information that the DA's Office possessed through internal investigations. The MCAD regulations do not permit a respondent to conduct discovery prior to preparing a Position Statement. Rather, it is essentially an answer, along with legal analysis, of Plaintiff's Charge of Discrimination based upon the limited information that the respondent possesses. Although the regulations require that a representative of the respondent sign the under oath the Position Statement, the MCAD also provide that the Position Statement to be signed by any counsel retained. *See* 804 C.M.R. § 1.10(8)(e). As a result, the Position Statement constitutes a legal memorandum that was submitted by counsel for the DA's Office. It was also signed by the District Attorney based upon the requirements of the regulations. It was prepared based upon the information that the DA's Office had at the time it was prepared without an opportunity for discovery. Since then, the DA's Office has conducted several depositions, obtained discovery responses and document production from Plaintiff, and obtained documents from third-parties through subpoenas. None of these steps were available to the DA's Office at the time that it filed the Position Statement with the MCAD. Although Plaintiff may argue that the representations are binding on the DA's Office, presenting it as the position of the DA's Office at the time of trial is misleading, inaccurate, and unfairly prejudicial. As a result, Plaintiff

should be precluded from introducing the Position Statement as evidence or examining witnesses on the subject.

## III.   CONCLUSION

For the foregoing reasons, the Defendant, Suffolk County District Attorney's Office, requests that this Court ALLOW its Motion in Limine to Preclude the Introduction of the Position Statement that it filed with the Massachusetts Commission Against Discrimination.

THE DEFENDANT,
SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE
BY ITS ATTORNEYS,

DATE: 5/6/2016

/s/ Aaron R. White
Anthony M. Campo, BBO#552093
tcampo@BSCtrialattorneys.com
Aaron R. White, BBO# 650918
awhite@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111
(617) 451-2000
Fax: (617) 451-5775

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2016, I filed the foregoing document filed through the ECF system which will send notice electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/     Aaron R. White