UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA CORDA,<br>Plaintiff,<br><br>v.<br><br>SUFFOLK COUNTY DISTRICT<br>ATTORNEY'S OFFICE,<br>Defendant. | CIVIL ACTION NO. 1:15-c-10628-RWZ |

**DEFENDANT'S MOTION IN LIMINE NO. 7 TO PRECLUDE THE PLAINTIFF FROM EXAMINING WITNESSES REGARDING PERSONAL RELATIONSHIPS BETWEEN EMPLOYEES OF THE DA'S OFFICE**

The Defendant, Suffolk County District Attorney's Office ("DA's Office"), Moves in Limine to Preclude the Plaintiff, Christina Corda ("Plaintiff"), from examining witnesses regarding personal relationships between employees of the DA's Office. At deposition, members of the executive staff were asked regarding relationships between the executive staff and other employees of the DA's Office. This questioning is not relevant of any issues that Plaintiff raises in her Complaint, and whatever limited probative value is substantially outweighed by the risk of unfair prejudice to the DA's Office. *See* Fed. R. Evid. 401 and 403. As a result, Plaintiff should be precluded from examining witnesses regarding alleged "fraternization" or personal relationships among employees of the DA's Office.

**I.      FACTS**

Plaintiff brings this action under the state and federal Equal Pay Acts and under G.L. c. 151B for alleged gender discrimination and retaliation.[1] According to Plaintiff, she was paid less money than similarly situated males and that the reasons offered by the DA's Office are pretext,

---

[1] Plaintiff's claims under Title VII have been dismissed. The Defendant's Motion for Summary Judgment on the Federal Equal Pay Act claim is pending with the Court.

1

which allows for an inference of gender discrimination. The DA's Office asserts that Plaintiff was paid fairly and commensurate with her experience, background, assignment within the DA's Office, and her work performance and that she was paid identically to her sole male comparator.

Plaintiff also alleges that her termination was as a result of her alleging pay disparities in the DA's Office on the basis of race and gender. The DA's Office contends that Plaintiff was not engaged in protected activity when she made this statement, and that she was terminated for her outrageous and insubordinate conduct when she accosted a senior member of the executive staff at a bar while intoxicated and used profanity and demeaning language about a colleague. In her Complaint, Plaintiff alleges that her behavior was within the realm of normalcy for the DA's Office's culture. She alleges that "the evidence will show that the environment at the DA's Office often was not genteel, and [Plaintiff's] alleged conduct was not unusual. Among other things, the use of profanity, work events at which employees drank, and heated discussions were part of the culture at the DA's Office." *See* Complaint ¶ 20.

One member of the executive staff testified that he is married to a former assistant district attorney of the DA's Office. During the deposition of another member of the executive staff, Plaintiff's counsel asked the deponent if he "fraternized" with other employees in the DA's Office. Other potential witnesses are married to former or current employees of the DA's Office.

## II.     ARGUMENT

Plaintiff should be precluded from examining witnesses regarding personal relationships, fraternization, or other personal socialization between employees of the DA's Office because it is irrelevant. Under Fed. R. Evid. 401, evidence is rendered relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." The personal socialization of employees at the DA's Office is not probative for any of Plaintiff's claims. It does not support her

unequal pay/gender discrimination claims, and it is irrelevant to whether she was terminated in retaliation for her engaging in alleged protected conduct. Plaintiff claims that the DA's Office had a culture that was "not genteel" and that alcohol consumption, profanity, and heated discussions were the norms. Questions about personal relationships between employees have no relevancy to the factors Plaintiff identifies to support her claims. Plaintiff has not alleged that she was subject to unwanted advances while employed by the DA's Office. As a result, there is no basis for any employees or former employees of the DA's Office to be examined on a subject related to their personal relationships or socialization with other employees or cause them personal embarrassment where there is no probative value to Plaintiff's claims.

Even presuming that there is some limited probative value, the examination of witnesses on this topic will unfairly prejudice the DA's Office. Where evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury," then the Court must exclude such evidence. Fed R. Evid. 403. By permitting examination of witnesses on this topic, the jury would have reason to believe that there were inappropriate relationships between employees in the DA's Office. This is unfair prejudice that substantially outweighs any scintilla of probative value that such examination possesses. Accordingly, Plaintiff should not be permitted to examine witnesses about this collateral and prejudicial issue.

### III. CONCLUSION

For the foregoing reasons, the Defendant, Suffolk County District Attorney's Office, requests that this Court ALLOW its Motion in Limine to Preclude the Plaintiff from Examining Witnesses Regarding Personal Relationships Between Employees of the DA's Office.

THE DEFENDANT,
SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE
BY ITS ATTORNEYS,

DATE: 5/6/2016

/s/ Aaron R. White
Anthony M. Campo, BBO#552093
tcampo@BSCtrialattorneys.com
Aaron R. White, BBO# 650918
awhite@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111
(617) 451-2000
Fax: (617) 451-5775

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2016, I filed the foregoing document filed through the ECF system which will send notice electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/    Aaron R. White