UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA CORDA,<br>    Plaintiff,<br><br>v.<br><br>SUFFOLK COUNTY DISTRICT<br>ATTORNEY'S OFFICE,<br>    Defendant. | CIVIL ACTION NO. 1:15-c-10628-RWZ |

**DEFENDANT'S MOTION IN LIMINE NO. 8 TO PRECLUDE EVIDENCE RELATING TO ANOTHER ASSISTANT DISTRICT ATTORNEY'S INCIDENT INVOLVING A GUN**

The Defendant, Suffolk County District Attorney's Office ("DA's Office"), Moves in Limine to Preclude evidence relating to another assistant district attorney's incident involving a gun. The incident, where an assistant district attorney pulled out a gun while attempting to bring a witness safely to his home, is not probative of any facts in this action. The assistant district attorney self-reported the incident, and an investigation determined that his conduct was appropriate under the circumstances. As a result, he was not subject to discipline. The facts relating to Plaintiff's termination differ greatly from this incident, so this instance where another assistant district attorney used a gun is not probative and should be precluded under Fed. R. Evid. 401.

I.     **FACTS**

Plaintiff brings this action under the state and federal Equal Pay Acts and under G.L. c. 151B for alleged gender discrimination and retaliation.[1]  According to Plaintiff, she was paid less money than similarly situated males and that the reasons offered by the DA's Office are pretext, which allows for an inference of gender discrimination. The DA's Office asserts that Plaintiff was

---

[1] Plaintiff's claims under Title VII have been dismissed. The Defendant's Motion for Summary Judgment on the Federal Equal Pay Act claim is pending with the Court.

1

paid fairly and commensurate with her experience, background, assignment within the DA's Office, and her work performance and that she was paid identically to her sole male comparator.

Plaintiff was terminated on September 22, 2014 as a result of an altercation that occurred between her and the DA's Office's Chief of Staff, John Towle, at a bar on September 19, 2014. The altercation occurred at The Fours at approximately 9:30 p.m. during a going-away party for a departing assistant district attorney. According to Plaintiff, she told Chief of Staff Towle that she and a colleague were paid less than others because she is a woman and he is black. The evidence demonstrates that at the outset of the altercation, Plaintiff also said that she believed a female assistant district attorney unfairly obtained a raise as a result of working on the District Attorney's mayoral campaign. Plaintiff admits that she used profanity during the altercation, and she disregarded multiple requests to address her grievances at a more appropriate time and place. Plaintiff had consumed at least six drinks at the going-away party prior to the altercation. The next Monday morning, the DA's Office terminated Plaintiff.

In contemporaneous text messages, in her deposition testimony, and in opposition to the DA's Office's Motion for Partial Summary Judgment, Plaintiff referenced an incident involving a male assistant district attorney who pulled a gun out while driving a victim home. The evidence will demonstrate that the assistant district attorney was licensed to carry a firearm and was escorting a protected witness to his home to collect his personal belongings after the witness had been threatened with physical harm. No injuries resulted, and no third-parties witnessed the incident. The DA's office investigated the incident, and it was determined that the assistant district attorney acted reasonably under the circumstances.

## II.   ARGUMENT

Plaintiff should not be permitted to introduce as evidence or examine witnesses regarding this incident involving another assistant district attorney. It is not probative whatsoever to Plaintiff's claims. Under Fed. R. Evid. 401, evidence is rendered relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence."

Plaintiff's termination was as a result of an altercation that occurred between her and Chief of Staff Towle on September 19, 2014 at a bar. Plaintiff claims that she was terminated due to what she said, while the DA's Office contends that she was terminated for legitimate, non-retaliatory reasons focusing on her conduct, as she was intoxicated, hostile and using profanity, demeaning towards a colleague, and insubordinate. There is no basis for Plaintiff to rely on this incident as evidence of pretext, as the "gun incident" did not involve any of these factors, so it is completely irrelevant to the issue of pretext. The only purpose for introducing this evidence would be to portray the DA's Office in a negative light, so the Court must preclude this from occurring.

The evidence should also be precluded on the grounds that any testimony by without personal knowledge is hearsay and not permitted. Through text messages, Plaintiff has repeatedly discussed the incident, despite lacking personal knowledge of this incident involving another assistant district attorney. She is therefore not competent to testify to this matter. Further, Plaintiff should not be permitted to solicit testimony from any trial witnesses regarding this gun incident.

## III.   CONCLUSION

For the foregoing reasons, the Defendant, Suffolk County District Attorney's Office, requests that this Court ALLOW its Motion in Limine to Preclude the Introduction of Evidence Relating to Another Assistant District Attorney's Incident Involving A Gun.

THE DEFENDANT,
SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE
BY ITS ATTORNEYS,

DATE: 5/6/2016

/s/ Aaron R. White
Anthony M. Campo, BBO#552093
tcampo@BSCtrialattorneys.com
Aaron R. White, BBO# 650918
awhite@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111
(617) 451-2000
Fax: (617) 451-5775

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2016, I filed the foregoing document filed through the ECF system which will send notice electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Aaron R. White

4