UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 15-10628-RWZ

| | |
|---|---|
| CHRISTINA CORDA, | ) |
|   Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SUFFOLK COUNTY DISTRICT | ) |
| ATTORNEY'S OFFICE, | ) |
|   Defendant | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
REGARDING MEDIA COVERAGE OF MAYORAL RACE (ECF No. 74)**

Plaintiff Christina Corda respectfully opposes the defendant's motion in limine to preclude evidence about media coverage of the mayoral campaign. As with other motions in limine filed by the defendant, this motion is wholly unwarranted and unnecessary. Ms. Corda does not intend to offer general evidence about media coverage of District Attorney Conley's unsuccessful mayoral campaign. At most, she may seek to examine Mr. Conley about a *Boston Globe* article about which he was asked during his deposition. (See Lawrence Harmon, "Conley loses temper and respect of voters, *The Boston Globe* (Aug. 8, 2013), attached as Ex. 1). That article contains an alleged statement by him, which he has not disputed, that he is entitled to get angry when somebody attacks his integrity. (*Id*. at 3). In this case, he testified that he believed that Ms. Corda was attacking his integrity by accusing him of discrimination, so it is reasonable for the jury to infer that he was angry about that accusation, which would fuel a retaliatory motive. *See, e.g., Travers v. Flight Servs. & Sys., Inc.*, 808 F.3d 525, 534-36 (1st Cir. 2015) (evidence regarding management's concern about or animus towards certain conduct supports a claim of retaliation resulting from that conduct), *citing Hodgens v. Gen. Dynamics Corp.,* 144 F.3d 151, 171 (1st Cir.1998) ("Statements by supervisors carrying the inference that the

supervisor harbored animus against protected classes of people or conduct are clearly probative of pretext" and retaliatory termination "*even if that inference is not the only one that could be drawn from the comment.*") (emphasis added) (other citations omitted). The *Boston Globe* piece is merely a contextual backdrop for evidence about Mr. Conley's reactions to attacks on his integrity. Ms. Corda has not identified the article as an exhibit and is not seeking to introduce it as documentary evidence. As a result, there is no reason to allow the defendant's motion.

**Conclusion**

For these reasons, the defendant's motion in limine should be denied.

CHRISTINA CORDA
By her attorney,

/s/ Stephen Churchill
Stephen Churchill, BBO # 564158
Hillary Schwab, BBO # 666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
steve@fairworklaw.com
hillary@fairworklaw.com

Dated: May 16, 2016

## CERTIFICATE OF SERVICE

I certify that I served, through the ECF system, a copy of the foregoing document on all counsel of record.

Dated:  May 16, 2016 /s/ Stephen Churchill
Stephen Churchill