UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 15-10628-RWZ

| | |
|---|---|
| CHRISTINA CORDA, | ) |
|   Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SUFFOLK COUNTY DISTRICT | ) |
| ATTORNEY'S OFFICE, | ) |
|   Defendant | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE REGARDING EVIDENCE OF OTHER INSTANCES OF GENDER BIAS (ECF No. 75)**

Plaintiff Christina Corda respectfully opposes the defendant's motion in limine regarding other instances of perceived gender bias. There are two independent reasons why that motion should be denied.

First, it is well established that evidence about the defendant's treatment of other women is relevant to Ms. Corda's claim of sex discrimination. *Blare v. Husky Injection Molding Sys. Boston, Inc.,* 419 Mass. 437, 447 (1995) (noting relevance of "employer's general practice and policies concerning employment of [those within the protected category]") (brackets in original; citations omitted); *Trustees of Health and Hospitals of the City of Boston, Inc. v. Mass. Comm'n Against Discrimination*, 65 Mass. App. Ct. 329, 336, *aff'd* 449 Mass. 675 (2007) ("negative treatment of several employees in the same protected class is evidence of discrimination") (citation omitted). With respect to the admissibility of any such evidence based on issues such as hearsay or foundation, the Court plainly can address those issues as they arise at trial.

Second, Ms. Corda's preexisting knowledge about other instances of actual or perceived gender bias is plainly relevant. To prove her claim of retaliation, Ms. Corda must prove that "[she] engaged in protected conduct, that [she] suffered some adverse action, and that 'a causal

connection existed between the protected conduct and the adverse action.'" *Psy-Ed Corp. v. Klein*, 459 Mass. 697, 707 (2011), *quoting Mole v. University of Mass.,* 442 Mass. 582, 591–592 (2004) (other citation omitted). As to the first element, to establish that her conduct was protected, she need not prove that her allegation of sex discrimination was correct; instead, she must prove only "that [she] reasonably and in good faith believed that the [DA's Office] was engaged in wrongful discrimination." *Psy-Ed Corp.*, 459 Mass. at 706-707 (citations and internal quotation marks omitted; brackets in original). The defendant is vigorously contesting whether Ms. Corda engaged in protected conduct – i.e., whether she reasonably and in good faith believed that she was a victim of sex discrimination. (*See, e.g.*, Joint Pretrial Memorandum at 8). Indeed, District Attorney Conley testified at his deposition that, in his mind, Ms. Corda did not subjectively believe that she was victim of sex discrimination when she made her allegation.

In determining the contested issue of whether Ms. Corda reasonably and in good faith believed that she was a victim of sex discrimination as of September 2014, she plainly should be permitted to testify about the full basis for her belief, including numerous reports to her by others about what they believed to be an environment of sex discrimination. None of these statements would be offered for the truth of the individual allegations and are therefore not hearsay. Rather, they would be offered to demonstrate that Ms. Corda had a good faith basis to view her situation as part of a broader pattern of sex discrimination. That background knowledge, combined with her research about comparator salaries, constituted her basis for believing that her pay was lower based on her gender. It would be gravely prejudicial to Ms. Corda if she were required to prove that she reasonably and in good faith believed she was a victim of sex discrimination, but if she were simultaneously precluded from testifying about the full basis for her belief. In any event,

the admissibility of any such evidence is best addressed at trial, in the context of a particular witness' testimony.

## Conclusion

For these reasons, the defendant's motion in limine should be denied.

CHRISTINA CORDA
By her attorney,

<u>/s/ Stephen Churchill</u>
Stephen Churchill, BBO # 564158
Hillary Schwab, BBO # 666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
steve@fairworklaw.com
hillary@fairworklaw.com

Dated: May 16, 2016

## **CERTIFICATE OF SERVICE**

I certify that I served, through the ECF system, a copy of the foregoing document on all counsel of record.


Dated: May 16, 2016	/s/ Stephen Churchill
	Stephen Churchill