## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 15-10628-RWZ

CHRISTINA CORDA,              )
  Plaintiff                    )
                             )
v.                           )
                             )
SUFFOLK COUNTY DISTRICT     )
ATTORNEY'S OFFICE,         )
  Defendant                   )

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE INTRODUCTION OF ITS MCAD POSITION STATEMENT (ECF No. 76)

The defendant's motion is based on a specious argument that its prior sworn statements are somehow inadmissible because they were made before discovery, and on a misplaced reliance on a Massachusetts state statute.  The defendant's arguments are without merit, and the motion should be denied.

Contrary to the representations in its motion, the defendant's sworn position statement contained a voluminous recitation of facts in support of its position.  Nowhere in the position statement did the DA's Office state that it needed more information before responding to Ms. Corda's charge of discrimination, and nowhere did it state that it was conducting a further investigation into the matter.  It described its factual recitation unequivocally, stating that "[t]he DA's Office presents the following facts that providing information regarding the Complainant's employment with the DA's office and her compensation, the subject incident that led to the Complainant's termination, and the compensation of make assistant district attorneys listed in the Charge of Discrimination."  (*See* Position Statement, attached as Ex. 1, at 2). Indeed, it is nonsensical for the DA's Office to contend that it had not had the benefit of discovery, because the major issue in contention was its own motivation for terminating Ms. Corda. What

investigation had it failed to conduct in that regard? Moreover, the position statement contains an unqualified affirmation by District Attorney Conley on the final page, where he signed that it was "[e]xecuted this fifteenth day of January, 2015, under the pains and penalties of perjury." *Id*. at 20.

As the defendant knows – and no doubt the real reason for its motion – the sworn statements and admissions in the position statement are highly relevant in this case. It is well established as a matter of discrimination law that an employer's shifting explanations constitute evidence of pretext. *See Billings v. Town of Grafton*, 515 F.3d 39, 56 (1st Cir. 2008) ("An employer's 'different and arguably inconsistent explanations' for its challenged employment action can serve as evidence of pretext.") (citation omitted); *E.C. Waste, Inc. v. N.L.R.B.*, 359 F.3d 36, 44 (1st Cir. 2004) (pretext includes "shifting explanations for discharging an employee"); *Santiago-Ramos*, 217 F.3d at 55-56 (pretext evidence includes "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons"). There are numerous inconsistencies in the explanations provided by the defendant in its position statement, in its interrogatory answers, and in the deposition testimony of its various witnesses. The jury is entitled to hear about all of those inconsistencies.

In addition, the Massachusetts statute upon which the defendant relies does not support its position. That statute states: "In any civil action pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them." M.G.L. c. 231, § 87. First, the statute has no relevance here because the position statement is not a pleading—it is a sworn statement made by the District Attorney. It is clearly admissible at trial, just as any sworn statement would be. Second, Massachusetts courts interpreting this statute have held that pleadings are admissible in subsequent proceedings between the same parties. In *Clarke v.*

*Taylor*, the Massachusetts Supreme Judicial Court affirmed a trial court's admission at trial of a pleading from a prior case. 269 Mass. 335, 336-37 (1929). The court held: "The provision of G.L. c. 231, § 87 . . . was intended to apply to the trial of the case in which the pleadings were filed. When offered in the trial of another case they may be introduced, if material to the issue and if made by the party personally or by his authorization, or if adopted by the party." *Id.* Accordingly, even if the statute did apply here, it would not preclude admission of pleadings from the MCAD action in the trial of this matter. Third, contrary to Defendant's argument, the statute provides that allegations in pleadings "shall bind the party making them." M.G.L. c. 231, § 87. As such, to the extent that the defendant seeks to introduce evidence that contradicts any of those allegations, it would be proper for the plaintiff to use the position statement for impeachment purposes. Finally, the statute does not apply here, because this case is in federal court and is governed by federal, not state, procedural and evidentiary rules. *See, e.g., Donovan v. Sears Roebuck & Co.*, 849 F. Supp. 86, 87 (D. Mass. 1994) (applying Federal Rules of Evidence instead of Massachusetts state statute regarding admissibility of testimony).

## Conclusion

There is no basis for precluding admission at trial of defendant's previous sworn statements. Accordingly, Ms. Corda respectfully requests that the defendant's motion be denied.

Respectfully submitted,

CHRISTINA CORDA,
By her attorneys,

/s/ Stephen Churchill
Stephen Churchill, BBO # 564158
Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
steve@fairworklaw.com
hillary@fairworklaw.com

Dated:  May 16, 2016

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served, by the ECF system, a copy of the foregoing document on all counsel of record.

Dated:  May 16, 2016                          <u>/s/ Stephen Churchill</u>
                                              Stephen Churchill