# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Civil Action No. 15-10628-RWZ

| | |
|---|---|
| CHRISTINA CORDA, | ) |
|   Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SUFFOLK COUNTY DISTRICT | ) |
| ATTORNEY'S OFFICE, | ) |
|   Defendant | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE REGARDING GUN INCIDENT (ECF No. 78)

Plaintiff Christina Corda respectfully opposes the defendant's motion in limine regarding evidence about a gun incident involving another assistant district attorney. One way that Ms. Corda can prove pretext is though evidence that the defendant deviated from its policies or practices in how it treated her. *See, e.g., Brennan v. GTE Government Systems Corp.*, 150 F.3d 21, 29 (1st Cir. 1998) (employer's "[d]eviation from established policy or practice may [also] be evidence of pretext."). Ms. Corda expects the evidence to show that when the DA's Office learned that another employee had violated office policy by carrying a gun, the office conducted an investigation and adhered to the basic principles of due process – i.e., it notified the employee and gave him an opportunity to explain his side of the story. Ultimately, as a result of the information provided by that ADA, the defendant did not take any action against him. In sharp contrast, Ms. Corda was never given that opportunity; instead, she was called into the District Attorney's office on Monday morning (following her Friday-night complaint of discrimination) and summarily terminated. She was not given any notice of the action to be taken against her or provided any opportunity to explain her side of the story. Ms. Corda's contention, of course, is that the DA's Office did not need or want to get her side of the story, because it was so angry

that she questioned the integrity of the District Attorney and his Chief of Staff that her termination became inevitable. If the DA's Office were terminating her based on alleged intoxication, swearing, and aggressiveness (as it now claims), a jury reasonably could conclude that it would have asked for her side of the story, as it did in the gun incident. Because evidence about the DA's Office's alleged deviation from its prior practice is relevant, the Court should not preclude evidence about the gun incident.

It is important to note that Ms. Corda does not intend to rely on this incident as her sole or primary evidence of retaliation; instead, it is part of a broader collection of circumstantial evidence, the collective weight of which supports her claim of retaliation. It is in the nature of circumstantial proof that the totality of the evidence should be considered as a whole, not in isolation. If each piece of evidence were considered in isolation and excluded as being insufficient, standing alone, to meet a party's burden of proof, then an opposing party could pick off each item of circumstantial evidence, one piece at a time, until nothing was left. That is not the way discrimination cases should be evaluated.

When proving discrimination, "[t]here are many veins of circumstantial evidence that may be mined." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 824 (1st Cir. 1991). This circumstantial evidence must not be viewed in "splendid isolation," but instead should be evaluated based on its *collective* weight. *Id.* at 824. *See also Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 6-7 (1st Cir. 2000) (courts must "weigh all circumstantial evidence," when evaluating summary judgment on issues of pretext and animus, "mindful that 'everything depends on individual facts.'") (internal citations omitted); *Bulwar*, 2015 WL 10376073, at *8 (in discrimination cases, evidence must be "'taken as a whole rather than viewed in isolation'") (citation omitted).

**Conclusion**

For these reasons, the defendant's motion in limine should be denied.

                                      CHRISTINA CORDA
                                      By her attorney,

                                      /s/ Stephen Churchill
                                      Stephen Churchill, BBO # 564158
                                      Hillary Schwab, BBO # 666029
                                      FAIR WORK, P.C.
                                      192 South Street, Suite 450
                                      Boston, MA 02111
                                      (617) 607-3260
                                      steve@fairworklaw.com
                                      hillary@fairworklaw.com

Dated:  May 16, 2016

## CERTIFICATE OF SERVICE

I certify that I served, through the ECF system, a copy of the foregoing document on all counsel of record.


Dated: May 16, 2016                           /s/ Stephen Churchill
                                              Stephen Churchill