UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 15-10628-RWZ

| | |
|---|---|
| CHRISTINA CORDA, <br>   Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| SUFFOLK COUNTY DISTRICT <br> ATTORNEY'S OFFICE, <br>   Defendant | ) <br> ) <br> ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE THE PLAINTIFF FROM RECOVERING DAMAGES (ECF No. 79)**

Before the trial has even begun, the defendant seeks to limit the plaintiff's entitlement to damages. Defendant's entire argument is premised on its own interpretation of the evidence as being insufficient for the jury to award certain categories of damages. The defendant has not cited a single case for the proposition that this decision should be made before the trial, and instead relies exclusively on cases in which courts evaluated trial evidence to determine whether certain damages awards were appropriate. The jury will be the factfinder in this case, and it is up to the jury to evaluate, in the first instance, the amount of any damages. There is no basis for a predetermination prohibiting the jury from hearing and evaluating this evidence. Accordingly, the defendant's motion should be denied.

**Argument**

1. **PLAINTIFF SHOULD BE PERMITTED TO SEEK PUNITIVE DAMAGES AT TRIAL.**

It is well settled that plaintiffs are entitled to seek punitive damages under chapter 151B. *See* M.G.L. c. 151B, § 9 ("actual and punitive damages" may be awarded). The Massachusetts Supreme Judicial Court has been unequivocal that punitive damages are available for both

discrimination and retaliation claims under chapter 151B.  *See Clifton v. Massachusetts Bay Transp. Authority*, 839 N.E.2d 314, 323, 445 Mass. 611, 623 (2005).  Moreover, the SJC has observed that punitive damages awards may be particularly justified when, as in this case, the defendant is a government entity, because "deliberate violations of G.L. c. 151B, by 'those charged with the public duty to enforce the law equally,' presents a heightened degree of reprehensibility."  *Id.*, quoting *Dalrymple v. Winthrop*, 740 N.E.2d 204, 211, 50 Mass. App. Ct. 611, 621 (2000).

Moreover, "[j]uries have 'wide discretion' to determine the amount of punitive damages, and trial courts have similar discretion to affirm the jury's award of damages."  *Blockel v. J.C. Penney Co.*, 337 F.3d 17, 28 (1st Cir. 2003); *see also Bandera v. City of Quincy*, 220 F. Supp. 2d 26, 31 (D. Mass. 2002) ("Chapter 151B unquestionably allows the jury to award punitive damages . . .").  Punitive damages may be awarded "for 'outrageous' conduct, where the defendant displays 'evil motive or . . . reckless indifference to the rights of others.'"  *Blockel*, 337 F.3d at 28, *quoting Dartt v. Browning-Ferris Indus., Inc.*, 691 N.E.2d 526, 537, 427 Mass. 1 (1998).

Here, it is for the jury in the first instance to weigh the evidence to be presented at trial regarding the defendant's conduct and to determine whether it rises to the level of outrageousness warranting a punitive damages award (and, if so, what that award should be).  In making that determination, the jury may consider, *inter alia*, the fact that the defendant in this matter is the Suffolk District Attorney, an entity that is charged with *enforcing* the laws of the Commonwealth of Massachusetts.  Additionally, contrary to Defendant's argument, its assertion that it "had, and continues to have, a good faith belief that Plaintiff was not engaged in protected conduct on the night of September 19, 2014," Def. Mot. (ECF Docket No. 79) at 8, has no

bearing whatsoever on whether or not the plaintiff is entitled to punitive damages. The SJC has been clear that, to sustain an award of punitive damages, a plaintiff need not show that "the defendant acted with knowledge that its conduct violated the terms of that specific statute." *Haddad v. Wal-Mart Stores, Inc.*, 914 N.E.2d 59, 72, 455 Mass. 91, 107 (2009).

Defendant has not cited a single case in which a court has taken the punitive damages decision out of the jury's hands before a trial has even begun. None of the cases cited by the DA's Office involved a pre-trial preclusion of punitive damages. *See, e.g., Dartt*, 691 N.E.2d 526 (1998) (post-trial appeal after jury award of punitive damages; holding that punitive damages should not have been sent to jury, but not that plaintiff should have been precluded from seeking punitive damages at outset of trial); *Bain v. City of Springfield*, 678 N.E.2d 155, 424 Mass. 758 (1997) (post-trial appeal after jury award of punitive damages); *Kiely v. Teradyne, Inc.*, 13 N.E.3d 615, 85 Mass. App. Ct. 431 (2014) (same); *Smith v. Bell Atl.*, 63 Mass. App. Ct. 702 (2005) (same). In fact, several of the cases cited by the defendant affirmed punitive damages awards by juries or affirmatively recognized the propriety of punitive damages awards in chapter 151B cases. *See Haddad v. Wal-Mart Stores, Inc.*, 914 N.E.2d 59, 455 Mass. 91 (2009) (affirming jury award of $1 million in punitive damages); *Clifton*, 839 N.E.2d 314 (affirming availability of punitive damages under Chapter 151B); *Brissette v. Franklin County Sheriff's Office*, 235 F. Supp. 2d 63 (D. Mass. 2003) (awarding punitive damages after bench trial).

## II. PLAINTIFF SHOULD BE PERMITTED TO SEEK EMOTIONAL DISTRESS DAMAGES AT TRIAL.

It is also well settled that plaintiffs may be awarded emotional distress damages under chapter 151B. *See, e.g., Stonehill College v. MCAD*, 808 N.E.2d 205, 220, 441 Mass. 549, 568 (2004) (discussing MCAD's authority to award emotional distress damages). Medical evidence is not necessary for an emotional distress award; "'an award of emotional distress damages can be sustained even in the absence of physical injury or psychiatric condition.'" *Labonte v. Hutchins & Wheeler*, 678 N.E.2d 853, 860, 424 Mass. 813, 824 (1997). Indeed, Massachusetts courts have been clear that a finding of discrimination or retaliation, in and of itself, permits an inference of emotional distress. *See id.*; *Bournewood Hosp., Inc. v. Massachusetts Commn. Against Discrimination,* 371 Mass. 303, 317, 358 N.E.2d 235 (1976).

As with punitive damages, the defendant's recitation of the standard for emotional distress damages and its slanted description of the evidence does not dictate that the jury should be precluded from deciding this issue. As the defendant states, "'[t]o be compensable, emotional distress must be proved.'" Def. Mot. (ECF Docket No. 79) at 9 (quoting *Stonehill*, 441 Mass. at 577). True enough, but Ms. Corda is entitled to present evidence to the jury on that issue.

## III. PLAINTIFF SHOULD BE PERMITTED TO SEEK LOST PENSION BENEFITS AT TRIAL.

Ms. Corda also seeks to present evidence to the jury regarding the value of her lost pension benefits. Specifically, she contributed to a pension system in which she would have vested after three more years at the DA's Office. Ms. Corda is not seeking to have her expert opine on whether she would have worked for three more years. The jury will have to decide that issue, based on the totality of the evidence. But if she does prove that fact to the jury's satisfaction, then she is entitled to rely on expert testimony to place a value on her lost pension

4

opportunity. Both Ms. Corda and the DA's Office have submitted expert reports valuing her lost pension benefits. To be sure, the experts reached different conclusions about the value of those lost benefits, but the jury should be permitted to resolve any conflicts in their opinions.

It is well established that "[l]ost pension benefits are recoverable in an action under G.L. c. 151B." *Ventresco v. Liberty Mut. Ins. Co.*, 770 N.E.2d 23, 29, 55 Mass. App. Ct. 201, 209 (2002). As the Massachusetts Appeals Court explained, a chapter 151B plaintiff is entitled to "potential pension benefits" because "they represent a tangible loss to him and a benefit that would have inured to him but for the unlawful termination by the employer." *Talbert Trading Co. v. MCAD,* 636 N.E.2d 1351, 1357, 37 Mass. App. Ct. 56, 65 (1994).

Importantly, such benefits are recoverable even when they require a conclusion by the jury that an employee would have remained employed for a particular period of time. *See Ventresco*, 770 N.E.2d at 29 (affirming jury award of pension benefits which was premised on the conclusion that "the plaintiff would have remained employed at Liberty until he was sixty-five years old"); *see also Sch. Comm. of Norton v. MCAD*, 830 N.E.2d 1090, 1100, 63 Mass. App. Ct. 839, 849-50 (2005) (upholding award of lost pension benefits when plaintiff and husband testified that "she intended to retire at the close of the 2002–2003 school year" and she "presented calculations by an actuarial expert of the net value of her lost pension benefits based on this retirement date"). *Cf. Haddad*, 914 N.E.2d at 70 (affirming nineteen-year front pay award as "consistent with the plaintiff's anticipated retirement age of sixty-five").

Prospective damages awards (such as front pay and lost pension benefits) are available to prevailing plaintiffs even if there may be some uncertainty in connection with these types of damages. *See Conway v. Electro Switch Corp.*, 523 N.E.2d 255, 257, 402 Mass. 385 (1988) ("Mere uncertainty in the award of damages is not a bar to their recovery. . ."). As the First

Circuit has explained, "[a]n award of front pay, constituting as it does, an estimate of what a plaintiff might have earned had s/he been reinstated at the conclusion of trial, is necessarily speculative." *Kelley v. Airborne Freight Corp.,* 140 F.3d 335 (1st Cir.1998). Nevertheless, despite being "necessarily speculative," *id*., such awards are permitted under Massachusetts law.

**Conclusion**

The defendant has presented no authority for the proposition that Ms. Corda should be precluded from presenting evidence to the jury about certain categories of damages. Contrary to the defendant's arguments, Ms. Corda is entitled to seek those damages, and it is for the jury to determine whether or not she has presented evidence sufficient to justify damages awards. Accordingly, the defendant's motion in limine should be denied.

Respectfully submitted,

CHRISTINA CORDA,
By her attorneys,

/s/ Stephen Churchill
Stephen Churchill, BBO # 564158
Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
steve@fairworklaw.com
hillary@fairworklaw.com

Dated: May 16, 2016

**CERTIFICATE OF SERVICE**

      I certify that I served, by the ECF system, a copy of the foregoing document on all counsel of record.

Dated: May 16, 2016                                      /s/ Stephen Churchill
                                                                               Stephen Churchill