UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 15-10628-RWZ

| | |
|---|---|
| CHRISTINA CORDA, | ) |
|   Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SUFFOLK COUNTY DISTRICT | ) |
| ATTORNEY'S OFFICE, | ) |
|   Defendant | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
EMAIL COMMUNICATIONS WITH EXPERT (ECF No. 85)**

Plaintiff Christina Corda respectfully opposes the defendant's motion to compel production of any email communications she had with her expert, Craig Moore, Ph.D. That motion should be denied for two principal reasons.

First, the defendant waited too long to request these records, and that delay has manifestly prejudiced Ms. Corda and further inconvenienced this Court. Dr. Moore was deposed on May 13, 2016, and expert discovery closed on April 15, 2016, pursuant to the Court's February 5, 2016 Scheduling Order (ECF No. 46). The defendant did not request Ms. Corda's email communications with Dr. Moore until *after* the final pretrial conference on May 4, 2016, almost three weeks after the expert discovery deadline. On May 6, 2016, almost simultaneously with that belated request, the defendants filed nine motions in limine and three other motions, with more motions to follow. As a result of its late request, the defendant has added yet another issue for Ms. Corda and this Court to address on the eve of trial.

Second, Ms. Corda's emails are not discoverable. In the first place, Ms. Corda's emails with Dr. Moore are work product, because they plainly were produced in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and

tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."). Moreover, the rules now express a strong policy against the discovery of any information regarding draft reports of experts. *See, e.g.,* Fed. R. Civ. P. 26(b)(4)(B) ("Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded."). Because the rules have recently and substantively changed to address expert discovery, and "overdiscovery" more generally, the defendant's reliance on older cases is misplaced.

While parties are entitled to some discovery about the facts, data, or assumptions upon which an expert relied, all such facts, data, and assumptions are fully spelled out in Dr. Moore's report, so there is no need for any discovery about them. For example, he states as follows in his report:

> In preparing this report, I have made the following assumptions about the Massachusetts state retirement system.[1] (1) Ms. Corda would have vested in the state retirement system after 10 years of service with the DA's Office. (2) If Ms. Corda had vested, she would have been eligible to receive pension benefits beginning at age 55. (3) Assistant DA's are in retirement group 4. See Mass. Gen. Laws ch. 32, sec. 3(2)(g). (4) The amount of the pension for an employee in group 4 with 10 years of service is 25% of the average of the three highest years of pay, regardless of when the employee begins to receive pension benefits (that is, whether the employee is 55 or older). With each additional year of service after 10 years, the percentage increases by 2.5%, until maxing out at 80% after 32 years of service (e.g., 27.5% after 11 years, 30% after 12 years, etc.). This is confirmed by the online pension calculator provided by the Commonwealth of Massachusetts. See http://www.mass.gov/treasury/retirement/for-current-emps/estimate-retirement.html.

(Expert Report, attached as Ex. 1, at 2).

---

[1] These are described in detail at http://www.mass.gov/treasury/retirement/.

As with its motion to preclude Dr. Moore from testifying, the real focus of the defendant's concern is that Dr. Moore's opinion is premised on an assumption that Ms. Corda would have worked at the DA's Office for three more years and therefore vested. At Dr. Moore's deposition and in pretrial submissions, the defendant repeatedly has complained, "How can Dr. Moore know that?" That concern is plainly misplaced, however, because Dr. Moore was not asked to opine on whether that would happen, he was simply asked to assume that it would for purposes of his report.  (Expert Report at 3) ("In this case *I have assumed* that Christina Corda would have continued to work for the DA's Office until she became vested in the state retirement system, which requires ten years of service.") (emphasis added). It is for the jury to determine, not Dr. Moore, whether Ms. Corda would have worked at the DA's Office for at least three more years. If the jury concludes that she would have, then it can credit Dr. Moore's opinion as to the value of her lost pension benefits; if the jury concludes that she would not have worked for at least three more years, then it obviously will disregard his opinion.

In short, all of the facts, data, and assumptions upon which Dr. Moore relied are fully spelled out in his report. Other than seeking information about an assumption that is plainly spelled out in his report, the defendant's only purpose in seeking email communications between Ms. Corda and Dr. Moore would be to fish around for mental impressions, opinions, or theories regarding the expert report, all of which is protected information.

**Conclusion**

For these reasons, the defendant's motion to compel should be denied.

                              CHRISTINA CORDA
                              By her attorney,

                              <u>/s/ Stephen Churchill</u>
                              Stephen Churchill, BBO # 564158
                              Hillary Schwab, BBO # 666029
                              FAIR WORK, P.C.
                              192 South Street, Suite 450
                              Boston, MA 02111
                              (617) 607-3260
                              steve@fairworklaw.com
                              hillary@fairworklaw.com

Dated: May 16, 2016

## CERTIFICATE OF SERVICE

I certify that I served, through the ECF system, a copy of the foregoing document on all counsel of record.

Dated: May 16, 2016 /s/ Stephen Churchill
Stephen Churchill